## Missouri, Kansas & Texas Railway Company of Texas v. Charlie Smith.

### Decided January 28, 1903.

**1.—Negligence—Removing Hand Car—Act of Foreman.**

Pleading and evidence considered and held to support a recovery in favor of a member of a bridge gang injured in removing a hand car from track by negligence of foreman in having too many to take hold on one side of the car and lift it suddenly, throwing the weight upon plaintiff and one companion lifting on the opposite side.

**2.—Evidence—Immaterial, if Error.**

Evidence that plaintiff, after his injury, went from Houston to St. Louis, to see officials of defendant railway, upon a pass furnished by the company, if inadmissible as an admission of liability (it was offered professedly to fix a date) was not prejudicial to defendant, nor its admission ground for reversal.

**3.—Evidence—Pleading—Injury to Nerves.**

Under a general allegation of injury from being struck on the groin by the fall of a heavy bolt, while lifting a hand car from the track, expert medical evidence of probable nervous injury from such a blow was admissible.

**4.—Trial—Witnesses Under Rule—Exemption of Medical Expert.**

Where witnesses have been placed under the rule, there was no abuse of the court's discretion in refusing to permit a medical expert witness for defendant to be exempted from it on the ground that his assistance was needed by defendant's counsel in conducting the examination.

**5.—Evidence—Cross-Examination—Witness Attending Without Subpoena.**

It was permissible to show by cross-examination of defendant's witnesses that they had attended in pursuance of directions of defendant, being in its employ, and what compensation they received.

**6.—Evidence—Rules of Defendant—Discharging for Negligence.**

On cross-examination, by plaintiff, of a witness whose negligence, as a foreman in defendant's employ was charged to have caused the injury to plaintiff, it was permissible to ask him as to the existence of a rule of defendant to discharge employes guilty of negligence.

**7.—Requested Instructions.**

It was proper to refuse requested special instructions upon matters sufficiently covered by the general charge.

**8.—Fellow Servant—Vice Principal.**

The foreman of laborers does not assume the position of their fellow servant by engaging with them in their labors, as by joining them in lifting a hand car from the track.

Appeal from the District Court of Bell. Tried below before Hon. John M. Furman.

*T. S. Miller* and *Geo. W. Tyler,* for appellant.

*J. B. McMahon,* for appellee.

FISHER, Chief Justice.—Charlie Smith, plaintiff below, filed his first amended original petition in the District Court of Bell County, Texas, July 20, 1900, wherein he claimed damages for personal injuries received in lifting a hand car from defendant's track while he was employed as a member of the bridge gang, under J. B. Berry, foreman;

"that when the car was about to be removed, the said Berry, with the other men, took hold of one side of the car, and ordered plaintiff and another one of the men to get on the opposite side, which order was obeyed, and in this manner undertook to remove said car; that plaintiff and the man lifting with him took hold of said car and began to lift slowly and carefully, as they were bound to do on account of the weight of said car, and while they were so lifting, the said foreman and the men lifting on his side, negligently, recklessly and without notice to plaintiff and his companion, raised their end of the car to such an elevation that the most of the weight was thrown upon plaintiff," etc.

Defendant answered by general denial, and further alleged (1) that plaintiff's injuries were due to his own negligence in undertaking to remove the car, as claimed, and in failing to protest to the foreman or in not desisting from and refusing to further assist in the removal of the car, which negligence contributed to and was the proximate cause of the injury; (2) that the injury was caused by the other members of the gang who were fellow servants with plaintiff; and (3) that plaintiff assumed the ordinary risk connected with his employment, and that it is usual for the bridge gang to ride upon a hand car and to move it to and from the track, as necessity requires, and on the occasion in question it was removed from the track in the ordinary way, and if there were more men lifting on the side opposite to plaintiff than on his side, the fact was plainly visible and open to him, and he assumed the risk of any danger to himself resulting therefrom.

The case was tried before a jury on January 25, 1902, resulting in a verdict and judgment for plaintiff against the defendant for $1250.

There is evidence in the record which supports the averments of the plaintiff's petition. The evidence shows that Berry was foreman at the time that the hand car was being removed, and that he was in charge and control of the same and of the plaintiff and the other hands who were removing the same from the track, and that the same was being removed under his direction, he at the time assisting in the removal; and that he, with the others at his end of the car, quickly and recklessly and without warning to the plaintiff lifted and elevated their end of it and threw the weight on the end where the plaintiff was, thereby causing the injuries alleged in his petition. Such conduct at the time was negligence upon the part of the foreman and those employes that were assisting him at his end of the car in removing the same from the track; that the sudden movement here complained of was at the direction of the foreman Berry.

It was not reversible error to admit the evidence complained of in appellant's fourth assignment of error. If that testimony could be considered in the nature of admissions by the defendant of its liability, it would be admissible. If it could not be admitted, or was not admitted for that purpose, it was harmless and immaterial, and was not calculated to influence the jury in reaching a verdict.

The evidence complained of in the sixteenth assignment of error was admissible. In our opinion, the allegations of the plaintiff's petition were sufficient to admit this testimony.

It is contended in the seventh assignment of error that Dr. Hodges, one of the surgeons in charge of the hospital at Houston, should have been permitted to remain in attendance during the examination of the witnesses. All the witnesses were placed under the rule. It is claimed by the appellant that Dr. Hodges' assistance was necessary as a medical expert in aiding the defendant's counsel in the cross-examination of Dr. Flewellen, one of the plaintiff's witnesses. We see no reason why the rule should be relaxed in favor of a medical expert more than any other witness whose assistance might be valuable to counsel in aiding him in the cross-examination of the witnesses of his opponent. There was no abuse of discretion in the ruling of the court upon this subject.

It was proper for plaintiff, on cross-examination of defendant's witnesses Nelson, Berry and Hodges, to prove by each of these witnesses that they were in the employ of the defendant, and that they were not subpoenaed as witnesses, and that they attended the trial on notice from defendant's officers or attorneys, and expected the defendant to pay their expenses for the time spent in attendance upon the trial. These were facts proper to be considered by the jury in weighing the evidence of these witnesses. It was also proper to ask the witness Berry, on cross-examination, whether or not there was a general rule of the defendant company that employes who violate the rules and are negligent are discharged, and that they have to get out or do their best as witnesses for the company. The witness, in answering this question, stated that an employe is not discharged every time, and that they are not discharged unless negligence is shown.

The objection urged to the question, and the evidence in answer to it, is that it was immaterial and irrelevant, and calculated to prejudice the defendant's case in the minds of the jury, and that there was no proof of such rule or custom. The question asked was proper. The plaintiff could not offer evidence of such a rule until he proved that such a rule existed, and if the witness knew that fact, he could testify that there was a rule, and what that rule was. It is not shown here that the rule was in writing, nor is complaint made that the plaintiff has not offered the best evidence upon that subject. If the witness knew that there was such a rule as inquired about, he could testify to that fact.

There was no error in refusing any of the special charges requested by defendant, as all of the issues that were proper to be submitted were covered by the charge of the court.

The charge complained of in the seventeenth and eighteenth assignments of error was proper. It is contended that Berry, the foreman, when he assisted in removing the car from the track at the time that the plaintiff was injured, occupied the position of a fellow servant, and by

reason of such assistance lost his status of foreman or vice-principal, for whose negligence the railway company would not be liable, as it would be one of the risks assumed by the plaintiff. This view of the question by appellant is not tenable. St. Louis S. W. Railway Co. v. Smith, 30 Texas Civ. App., 336, 5 Texas Ct. Rep., 816.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.